IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL T. STOLLER, JONATHAN LUBELL, DEAN WEBB, GARY BROWN, and JOHN DOES I through X,<br><br>                Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:07CV552 DAK |

       This matter is before the court on (1) Defendant Gary S. Brown's ("Mr. Brown) Motion to Dismiss or Change Venue to the Central District of Los Angeles, California;  (2)  Defendant Dean Webb's ("Mr. Webb") Motion to Dismiss or in the Alternative, Motion to Change Venue; (3) Defendant Michael T. Stoller's ("Mr. Stoller") Motion to Dismiss and his Joinder in the other Motions to Change Venue; and (4)  Defendant Jonathon Lubell's ("Mr. Lubell") Motion to Dismiss and Motion to Change Venue.

       A hearing on the motions was held on June 25, 2008.  At the hearing, Mr. Brown represented himself and appeared via telephone.  Mr. Webb was represented by Kathleen Liuzzi. Mr. Stoller and Mr. Lubell represented themselves.  Plaintiff Sophia Stewart ("Ms. Stewart") was represented by Kevin Moriarty.   Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now

being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND[1]

This case is primarily a legal malpractice action against Ms. Stewart's attorneys in a previous copyright infringement lawsuit (the "Infringement Action") that she had filed in California in 2004. In her prior lawsuit, she alleged that Andy Wachowski, Larry Wachowski, Thea Bloom, Twentieth Century Fox Film Corporation, Warner Bros. Entertainment, Inc., James Cameron, Gale Ann Hurd and Joel Silver appropriated and infringed on her copyrighted material in creating the Matrix and Terminator Trilogies. Her case, however, was dismissed on May 18, 2005, and judgment was entered against Ms. Stewart on June 14, 2005.

In the instant case, Ms. Stewart alleges that the Infringement Action was dismissed because of Defendants' malpractice, negligence, conspiracy and breaches of contract. Specifically she claims that summary judgment was entered against her in the underlying case because her attorneys–without her knowledge–failed to produce her for a deposition, never conducted any discovery, and failed to respond to the defendant's discovery requests, including failing to respond to requests for admissions, which facts were later deemed admitted.

Defendants in the instant action have made two arguments for dismissal. First, they argue that Ms. Stewart's action is time-barred because California law applies, and the California statute of limitations for legal malpractice is one year. Because the one-year limitations period expired by no later than June 15, 2006, they contend that this action, which was filed on July 30,

---

[1] The following "facts" are taken from Plaintiff's Complaint and are assumed to be true for purposes of these motions to dismiss.

2007, is time-barred. Next, they argue that even if the action is not time-barred, Utah is the wrong venue because all Defendants reside in California, New Jersey, or Washington–and all the pertinent events occurred in Los Angeles. Thus, Defendants contend, this action should either be dismissed for improper venue or transferred to Los Angeles.

Ms. Stewart, on the other hand, argues that Utah law applies to this action, and Utah's statute of limitations for legal malpractice is four years, thus rendering this action timely. Ms. Stewart also contends that venue is proper in Utah because a substantial part of the events or omissions giving rise to the claims in this action occurred in Utah. Therefore, she urges the court to deny all the motions.

## DISCUSSION

**WAS THE INSTANT ACTION TIMELY FILED?**

The question of whether the action is time-barred hinges on which state's law applies. If California law applies, the action is time barred, but if Utah law applies, the action was timely filed.

Defendants contend that courts should look to the law where the harm occurred, which, they claim, is in California. They contend that Ms. Stewart filed her lawsuit in California, the attorneys were all admitted (or were granted permission ) to practice in the Central District of California, and the "harmful conduct," which they characterize as the dismissal of the action, occurred in California.[2]

---

[2] In addition, Defendant Brown contends that the time by which Plaintiff had to commence an action against him was even earlier (May 17, 2006) because he withdrew from representing Plaintiff on May 18, 2005 due to his hospitalization for a heart attack.

Ms. Stewart, on the other hand, argues that Utah's four-year statute of limitations applies in this case. She retained Defendants at various times beginning in 2004, and all events relevant to her claims in the Infringement Action occurred between 2004 and 2006. The instant action was filed in August 2007, within the four-year limitations period. Thus, according to Ms. Stewart, Defendants' motions to dismiss pursuant to F.R.C.P. 12(b)(6) must be denied.

A federal court sitting in a diversity action follows the procedural law of the forum state, regardless of whether the court applies the substantive law of the forum state or another state. *Rocky Mountain Helicopters, Inc. v. Bell Helicopter Texatron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994). Utah follows the traditional rule that "statutes of limitation are essentially procedural in nature," and that "under a general conflicts of law analysis, the limitations period of the forum applies." *Records v. Briggs*, 887 P.2d 864, 870 (Utah Ct. App. 1994) (*citing Lee v. Gaufin*, 867 P.2d 572, 575 (Utah 1993), *Jackett v. Los Angeles Dep't of Water & Power*, 771 P.2d 1074, 1075-76 (Utah Ct. App. 1989), and *Pan Energy v. Martin*, 813 P.2d 1142, 1145-46 (Utah 1991)); *see also Sun Oil Co. v. Wortmann*, 486 U.S. 717 (1988) (application of the forum state's statutes of limitation is consistent with the traditional view that such statutes are procedural and is consistent with the Full Faith and Credit Clause of the U.S. Constitution); *Fin. Bancorp, Inc. v. Pingree & Dahle, Inc.*, 880 P.2d 14, 16 (Utah Ct. App. 1993) (Utah follows the majority position that limitation periods are generally procedural in nature, and thus, Utah's statutes of limitation apply to actions brought in Utah.").

Accordingly, in the instant action, this court applies Utah's limitations period for legal malpractice claims. Because Utah law provides a four-year limitations period, Plaintiff's action

is not time-barred.

**IS VENUE PROPER IN UTAH?**

Next, Defendants argue that venue is improper in Utah, and thus the action should be dismissed or transferred. Defendants conclusorily argue that all the substantial events took place in California and that none of the Defendants lives in Utah. In contrast, Ms. Stewart argues that venue is appropriate in Utah because a substantial part of the events and/or omissions giving rise to her claim occurred here.

Under 28 U.S.C. 1391(a)(2), venue in diversity cases is proper in any judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." This language has been interpreted to allow for the fact that a substantial part of the events may have occurred in more than one district and "venue may be proper even if contacts with another district were more substantial." *Mohr v. Margolis, Ainswoth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051 (D. Kan. 2006).

Federal district courts have held that the "substantial part" requirement of Section 1392(a)(2) is satisfied where the plaintiff resides in the forum state and the defendants have contacts with plaintiff in the forum state related to the subject of the action. In *Furr v. Aguilar*, the District Court for the District of Colorado, the court considered a motion to dismiss for improper venue in a case involving claims by a Colorado resident against a California law firm, which had defended the Colorado resident in an action in California state court. *Furr,* 2005 WL 1801627 (D. Colo. July 28, 2005) (unpublished decision). The court noted that the law firm's normal duties in representing the Colorado resident included informing him of the status of the

case, any offers to settle and other matters raised in the action. The court also found that such correspondence occurred via telephone from the law firm's offices in California, and that the attorney-client relationship was established with a resident of Colorado. Based on these contacts, which were related to the malpractice claims at issue, the court concluded that the plaintiff had demonstrated that a substantial part of the relevant events had occurred in Colorado, and denied defendants' motion to dismiss.

In *Stein v. Stein*, the U.S. District Court for the District of Kansas held that plaintiffs, who were residents of Kansas, met their burden of demonstrating proper venue under Section 1391(a)(2). *Stein*, 184 Fed. Appx. 808, 2006 WL 1892580 (D. Kan. July 11, 2006) (unpublished decision). In that case, plaintiffs, who were residents of Kansas, sued Washington residents and a Washington LLC for breach of contract, fraud, unjust enrichment, breach of duty of good faith and fair dealing, and breach of fiduciary duty. The plaintiffs alleged that they had contracted with defendants to make an equity investment in the LLC's business enterprise, and based on that alleged contract plaintiffs had obtained a line of credit from a Kansas bank for the benefit of the defendants. The court found that the alleged contract was sent to plaintiffs in Kansas, plaintiffs performed their part of the alleged contract in this state, and any of the alleged fraudulent representations were made via facsimile, e-mail or in person to plaintiffs in Kansas. Thus, Kansas was an appropriate venue under Section 1391(a)(2).

In this case, Plaintiff has set forth sufficient allegations to demonstrate that Utah is a proper venue under Section 1392(a)(2). Plaintiff is a Utah resident. (First Amended Complaint at ¶ 1). She was contacted by each of Defendants at her residence in Utah, and agreed to retain

each in Utah. (Aff. of Sophia Stewart at ¶¶ 3-6, 9-10).   She executed an engagement letter with Messrs. Lubell, Brown, and Webb in Utah. (*Id.* ¶ 6).   She had telephone conversations and corresponded with each of the Defendants from Utah.  (*Id.* ¶ 7, 11, 14, 17).   Plaintiff did not attend any hearings in California, based on the advice of one or more of the Defendants.  (*Id*. ¶ 23).   Defendants sent her bills for services at her address in Utah. (*Id.* ¶ 22).   These contacts were over the course of the Infringement Action, from the spring of 2004 through summer 2006. (*Id.* ¶ 3-23).   Like the plaintiffs in *Furr*, Plaintiff has brought this action against her former attorneys for malpractice, who purposefully and regularly directed their contacts toward a Utah resident when they were retained and throughout their handling of the Infringement Action.  Like the plaintiffs in *Stein*, Plaintiff contends that she complied with her obligations with respect to the attorney-client relationship and the prosecution of the Infringement Action in Utah.   Thus, the court finds that these contacts were sufficient to qualify as a "substantial part" of the actions and omissions giving rise to Plaintiff's claims, and thereby satisfy the requirements for venue in Utah under Section 1391(a)(2).

### SHOULD THE CASE BE TRANSFERRED?

Defendants again conclusorily argue that the court should transfer the case to the Central District of California.   Plaintiff contends that Defendants have failed to meet their burden of demonstrating that this action should be transferred.   In considering whether to transfer venue, a court considers the following factors: a plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a

judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (*quoting Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  A court must give great weight to plaintiff's choice of forum.  *KCJ Corp. v. Kinetic Concepts, Inc.,* 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).  Unless the balance strongly favors the movant, plaintiff's forum choice should rarely be disturbed.  *Scheidt*, 956 F.2d at 965.  "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Id.* at 966.  In exercising its discretion, "the Court must 'adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler,* 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).

In addition, the party moving to transfer a case pursuant to 28 U.S.C. § 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  Defendants have failed to carry their burden in this case.  Given the weight assigned to Plaintiff's choice of forum, the fact that at least some of the Defendants would have to travel in any event, and the other factors that a court considers, Defendants simply have failed to demonstrated that the action should be transferred to California.

**CONCLUSION**

Accordingly, for the foregoing reasons, (1) Defendant Gary S. Brown's Motion to Dismiss (docket # 14) is DENIED and his Motion to Change Venue to the Central District of Los Angeles, CA (docket # 15) is DENIED; (2) Defendant Dean Webb's Motion to Dismiss (docket # 18) is DENIED and his Alternative Motion to Change Venue (docket # 26) is DENIED; (3) Defendant Michael T. Stoller's Motion to Dismiss (docket # 20) is DENIED and his Motion to Change Venue (by joining in other Defendants' motions) is DENIED; (4) Defendant Jonathon Lubell's Motion to Dismiss (docket #21) is DENIED, and his Motion to Change Venue (docket # 22) is DENIED.  Defendants are directed to file an Answer to the Complaint by no later than September 23, 2008.

DATED this 28th day of August, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge