_____

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **SOPHIA STEWART,** | : | **Civil No. 2:07-CV-00552 DAK** |
| **Plaintiff,** | : | |
| **vs.** | : | |
| **MICHAEL T. STOLLER, JONATHAN LUBELL, DEAN WEBB, GARY BROWN and JOHN DOES 1 through X, individuals whose identities are not yet known,** | : | **JUDGE CLARK WADDOUPS**<br><br>**MAGISTRATE JUDGE BROOKE C. WELLS** |
| **Defendants.** | | |

_____

On June 17, 2009, this court issued an Order To Show Cause requesting that defendants respond to plaintiff's pending "Motion For Judicial Notice,"[1] "Motion For Default Judgment,"[2] and "Motion To Amend/Correct Amended Complaint."[3]  Responses were received by all named defendants on July 2, 2009.[4]   Upon review thereof, the

_____

[1]Docket No. 59.

[2]Docket No. 61.

[3]Docket No. 64.

[4]Docket Nos. 69, 70, 71, 72, 73, and 74.

Court now issues the following ruling and denies plaintiff's pending motions.   Each

motion is addressed below.

(1) Plaintiff's Motion For Judicial Notice[5]

Through her motion Ms. Stewart seeks judicial notice of what she terms

"fraudulent" Certificates of Registration for the Terminator and Matrix movies[6], and

exhibits MB,[7] 13,[8] 14[9] and 14.1[10] attached to the Affidavit of Sophia Stewart in Support

of Objection to Setting a Trial Date.[11]

Pursuant to Federal Rule of Evidence 201,

> A judicially noticed fact must be one not subject to reasonable
> dispute in that it is either (1) generally known within the territorial
> jurisdiction of the trial court or (2) capable of accurate and ready
> determination by resort to sources whose accuracy cannot

---

[5]Docket No. 59.

[6]More specifically, ". . . James Cameron and Gale Ann Hurd, 'Fraudulent
Certificate of Registration' for the 'Terminator'–PAu 584-564 [V2080P249] Recorded
October 12, 1984, and Andy and Larry Wachowski's February 15, 1994 'Fraudulent
Certificate of Registration'—for the 'Matrix' [V2998P506]. (Exh. MB, Accusation Against
Issac, Stoller, Brown, Lubell, Webb, Miller, Cook, Cooper, Epstein, and Hurewitz);
(Exhs. 13, 14, 14.1; Articles of Inc. Pac. Western Prod)." See, Plaintiff's Memorandum
of Law for Points and Authorities in Support of Request for Judicial Notice. Page 8, lns.
1 through 6. Docket No. 60.

[7]Exhibit MB is titled "Declaration of Bruce Issacs."

[8]Exhibit 13 consists of a statement by the State of California's Secretary of State
attesting to the authenticity of the "attached transcript".  No transcript, however, is
attached.

[9]Exhibit 14 is a copy of the Articles of Incorporation of Pacific Western
Productions Incorporated dated May 12, 1981.

[10]Exhibit 14.1 is part of an email listing the agent for process of Pacific Western
Productions Incorporated.

[11]Docket No. 55.

reasonably be questioned.

Facts which are judicially noticed become evidence in the case thereby serving as "a substitute for the conventional method of taking evidence to establish facts." York v. American Telephone & Telegraph Co., 85 F.3d 948, 958 (10th Cir. 1996)(quoting, Grand Opera Co. v. Twentieth Century-Fox Film Corp., 235 F.2d 303, 307 (7th Cir. 1956)).  Accordingly, in order to take judicial notice a "high degree of indisputability is the essential prerequisite."[12]

Here, the court does not find that the certificates of registration for the Termination and Matrix movies, or exhibits MB, 13, 14 or 14.1 meet the requirements necessary to establish judicial notice.[13]  As to each, the court either questions or lacks knowledge of the legitimacy, authenticity or the relevancy of the exhibits, and to that extent to establish judicial notice would be inappropriate.

Plaintiff Motion For Judicial Notice is denied.

(2) Plaintiff's Motion For Default Judgment[14]

Ms. Stewart asserts she is entitled to default judgment against defendants "as a proximate result all of the above deplorable Felony acts outlined, as well as, failure to

---

[12]Federal Rule of Civil Procedure 201, Note to Subdivision (a).

[13]The court is unclear whether plaintiff's mention of citizen's arrest and request that the court issue an order that no bond be required to issue a permanent injunction against T-Salvation (an apparent defendant in an unrelated lawsuit) is related to the pending motion for judicial notice.   To the extent that they are, the Court also declines to take judicial notice of either.

[14]Docket No. 61.

timely respond to Plaintiff's Affidavit attached to Stewart's civil complaint."[15]   Neither of

Ms. Stewart's allegations provide appropriate grounds for the entry of a default

judgment against defendants.

Pursuant to Federal Rule of Civil Procedure 55(a),

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must entry the party's default.

Accordingly, default may be appropriate if a party has failed to file an Answer or

otherwise respond to an Amended Complaint.  Here, all named defendants have filed

an answer[16] to plaintiff's Amended Complaint and consequently default judgment is

appropriate.

Plaintiff's Motion For Default Judgment is denied.

(3) Plaintiff's Motion To Amend[17]

Ms. Steward seeks to amend her Amended Complaint to include additional

defendants.  The "new" defendants[18] relevance to the case at hand is however

---

[15]Plaintiff's Motion For Default at pg. 6.

[16]Docket No. 38, Answer to First Amended Complaint filed by defendant Jonathan Lubell, Docket No. 39, Answer to First Amended Complaint filed by defendant Gary S. Brown, Docket No. 40, Answer to First Amended Complaint filed by Michael T. Stoller, Docket No.42, Answer to First Amended Complaint filed by Dean Webb.

[17]Docket No. 64.

[18]Plaintiff seeks authority to "file service of the 'Summons and Complaint' upon all parties of interest by any and all available means for the Defendants Bruce Isaac, Pacific Western Productions, Inc., Halcyon Company, T-Salvation Productions, LLC., T-Salvation Distribution, LLC, T Asset Acquisition Company LLC, T-Salvation Distribution (BVI). LTD., Halcyon Holding Group, LLC, The Halcyon Company, Halcyon Consumer Products, LLC, Dominon Group, LLC, Halcyon Games, LLC, Victor Kubicek, Dereck Anderson, Mario F. Kassar, and Andrew G. Vajna."  *See,* Plaintiff's "Amendment to

unknown.  A party may amend its pleading once as a matter of course.[19]  Thereafter,

amendment requires the opposing party's written consent or the court's leave.[20]  Here,

the court has no grounds[21] upon which to grant leave of amendment.  Specifically,

plaintiff fails to attach a copy of her proposed Second Amended Complaint and has not

outlined exactly what additional claims she intends to bring against the new defendants.

Without any information on the defendants relevance or the claims asserted the court

cannot appropriately evaluate plaintiff's motion.

      Plaintiff's motion to amend is denied.


      DATED this   14   day of July, 2009.



      BY THE COURT:

      Brooke C. Wells
      United States Magistrate Judge

---

Complaint To Add The True Identities For John Does I through X."  Docket No. 64.

    [19]Federal Rule of Civil Procedure 15(a)(1).

    [20]Federal Rule of Civil Procedure 15(a)(2).