_____

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH

_____

| | |
|---|---|
| **SOPHIA STEWART**, : | |
|     **Plaintiff,** : | **Civil No. 2:07-cv-00552** |
| vs. : | **ORDER & RULING** |
| | **JUDGE CLARK WADDOUPS** |
| **MICHAEL T. STOLLER, JONATHAN** : | |
| **LUBELL, DEAN WEBB, GARY BROWN** | **MAGISTRATE JUDGE BROOKE C.** |
| **and JOHN DOES I through X,** | **WELLS** |
|     **Defendants.** | |

_____

On September 9, 2009, this Court entered an Order[1] denying Plaintiff Sophia Stewart's motion for "Expedited Judgment Due Fraud Upon The Court, Perjury, And Violations Of Plaintiff's Civil Rights In Contravention To 18 U.S.C. 241."[2] Thereafter, on September 21, 2009, Ms. Stewart filed an "Objection To Court Order And Ruling Dated September 9, 2009, Denying Judgment Against Defendants And Plaintiff Request For Reconsideration"[3] and a "Motion And Request For Reconsideration For A Summary

---

[1] Docket No. 88.

[2] Docket No. 86.

[3] Docket No. 89.

Judgment And Judgment To Confer Relief Due To Fraud Upon The Court, And The Defendant's Lack Of Diligence Pursuant To Rule 60 Fed. R. Civ. P.".[4]  None of the named defendants have filed responses to the pending motions.[5]  For the reasons now stated herein, Ms. Stewart's motions are denied.

(1) <u>Objection To Court Order And Request For Reconsideration</u>

In her objection Ms. Stewart's asks this court for "reconsideration and Judgment for Relief pursuant to FRCP Rule 12(c)[6] and Rule 60 Fed. R. Civ. P.".[7]  Federal Rule of Civil Procedure 60(b) sets forth the grounds on which a court may relieve a party from a final judgment, order or proceeding.  While not specifically fashioned to address requests for reconsideration, the Rule does allow for relief based upon: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason that justifies relief.[8]  While Ms. Stewart references Rule 60(b) in connection with her request for reconsideration, she provides no support or justification for the application of the Rule, and continues to fail to provide

---

[4]Docket No. 90.

[5]Local rule DUCivR 7-1(b)(4)(A) states that a memorandum opposing summary judgment must be filed within thirty days after service of the motion or within such time as allowed by the court.

[6] Ms. Stewart references Federal Rule of Civil Procedure 12(c) in support of her request for reconsideration.  Rule 12(c), however, pertains to a motion for judgment on the pleadings and has no application to a motion for reconsideration.

[7]Docket No. 89.  Plaintiff's "Objection To Court Order And Ruling" pg.1

[8]Federal Rule of Civil Procedure, 60(b).

2

any arguable basis in either law or fact in support of the underlying motion.

Accordingly Ms. Stewart's objection and request for reconsideration is denied.

(2) <u>Motion And Request For Reconsideration For Summary Judgment</u>

Although Ms. Stewart's motion seeks summary judgment to "establish liability and Judgment to Confer Judgment for Relief Pursuant to Rule 60 Fed.R.Civ.P., FRCP 12 (c), " several impediments to her request for relief arise. As an initial matter, neither of the Rules she relies upon in support of her motion apply to summary judgment. As discussed above, Federal Rule of Civil Procedure 60 refers to relief from final judgment, and Rule 12(c) addresses motions for judgment on the pleadings.

Instead it is Federal Rule of Civil Procedure 56 that specifically addresses motions for summary judgment, stating that summary judgment should only be rendered when "the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9] The initial burden under a motion for summary judgment is on the moving party to "demonstrate that an essential element of the nonmoving party's case is lacking."[10] Here, such burden requires Ms. Stewart to conclusively establish that "no genuine issue of material fact exists, and the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party."[11] Plaintiff fails to meet her burden.

---

[9] Federal Rule of Civil Procedure 56(c)(2).

[10] Kalamazoo River Study Group v. Rockwell International Corp., 171 F.3d 1065, 1068 (6th Cir. 1999)(citing, Celotex Corp. v. Catrett, 477 US 317, 322-23 (1986)).

[11] McLaren Performance Techs. v. Dana Corp. 126 F Supp.2d 468, 471 (2000).

The pending motion and memorandum contain no cognizable facts and consist only of stated claims[12] followed by quotes allegedly made by the defendants and cited to by the plaintiff from various other litigation,[13] court hearings, and the "Michigan Chronicles".[14]   Local Rule 56(b) specifically requires that a memorandum in support of a motion for summary judgment begin with "a section that contains a concise statement of material fact to which movant contends no genuine issue exists.  The facts must be numbered and refer with particularity to those portions of the record on which movant relies."[15]

Additionally, in support of her motion, plaintiff filed the "Declaration of Sophia Stewart"[16] wherein she quotes statements from a Mr. Thomas Wornom made about the defendant Jonathan Lubell in an entirely separate matter.  In order to be considered in support of a motion for summary judgment, an affidavit must be "based upon the

---

[12] Interestingly, the claims plaintiff presents in her motion differ from her stated causes of action underlying the complaint which include breach of contract, breach of the covenant of bad faith and fair dealing, malpractice, civil conspiracy, fraud, breach of fiduciary duties and conversion.  However, the "new" claims or "titles" set forth in her motion for summary judgment include: "Wanton/Willful Concealment of Evidence", "Malice Fraudulent Representation Of Depositions",  "Abandonment of Case", "Fraud/Impeached Testimony", "Fraud, Fraud And More Fraud", "Preparation of Fraudulent Admissions", "Terrorist Threats Against Legal Counsel", and "Subverting Government Business/Ascenting In Consort To Fraudulent 'Extortion Liens' With Calculated Forethought To Scare Off Attorneys".

[13] Plaintiff refers to exhibits and manuscripts from court hearings dated from the years 2004 and 2005.  The original complaint in this action was not filed until July 30, 2007.

[14] Plaintiff's Motion For Summary Judgment, Docket No. 90. pg. 3.

[15] DUCivR. 56-1(b).

[16] Docket No. 92.

affiant's personal knowledge and must demonstrate that the affiant is competent to testify to the maters contained in the affidavit."[17]

Ultimately, because Ms. Stewart neither identifies the basis for her motion, nor demonstrates the necessary absence of a genuine issue of material fact[18] her motion is hereby denied.

DATED this   5th   day of November, 2009.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge

---

[17] Ward v Rush-Presbyterian-St Luke's Med. Ctr., 1986 U.S. Dist. LEXIS 23736. *See also,* Federal Rules of Civil Procedure 56(e)(1).

[18] Yurman Design Inc. v. Golden Treasure Imps., Inc., 275 F. Supp. 2d 506, 509 (citing, Celotex Corp. v. Catrett, 477 US 317, 323 (1986)).