# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL T. STOLLER, JONATHAN LUBELL, GARY S. BROWN, and DEAN WEBB,<br><br>　　　　Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:07-cv-00552-CW-BCW<br><br>Judge Brooke C. Wells |

Currently before the court are a number of motions related to Defendant Dean Webb's motion for summary judgment.[1] First, in response to this motion Plaintiff, Sophia Stewart who was acting *pro se* at the time, filed a motion to deny the Defendant's motion for summary judgment.[2] Next, Plaintiff filed a motion to strike the affidavit of Sophia Stewart.[3] Mrs. Stewart then filed a motion to deny Defendant's motion to strike her affidavit.[4] Finally, on December 7, 2010, after Edward McBride entered a notice of appearance on behalf of Mrs. Stewart, Plaintiff via her new counsel, filed a motion for leave to file supplemental memorandum of law in opposition to Defendant Dean Webb's motion for summary judgment.[5]

---

[1] Docket no. 111.

[2] Docket no. 113.

[3] Docket no. 115.

[4] Docket no. 119.

[5] Docket no. 123.

1

Local Rule 7-1 provides the procedure for filing and opposing motions. It provides that motions and the memoranda supporting them must be concise and succinct.[6] A memorandum opposing a motion for summary must be filed within "twenty-eight (28) days after service of the motion or within such time as allowed by the court."[7] And, memoranda opposing other motions must be filed within fourteen days after service of the motion. While the court may grant a motion if it is not opposed,[8] the preferred disposition of a case is upon its merits.[9] Additionally, when a litigant is acting *pro se* the court interprets pleadings liberally.[10] Mrs. Stewart was acting *pro se* when she filed her oppositions to Defendant's motion for summary judgment and motion to strike Mrs. Stewart's affidavit. With these principles in mind the court turns to the pending motions.

First, after briefly reviewing Mrs. Stewart's responses to Mr. Webb's motions, the court finds these responses are more appropriately labeled as oppositions to motions and do not need to be characterized as motions themselves. Accordingly, the court STRIKES Plaintiff's motion to deny Defendant's motion for summary judgment[11] and Plaintiff's motion to deny Defendant's

---

[6] DUCivR 7-1.

[7] *Id.* 7-1(b)(4).

[8] DUCivR 7-1(d).

[9] *See Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1187 (10th Cir. 2002); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[11] Docket no. 113.

motion to strike.[12] The court will consider these documents as opposition memoranda and not as motions.

Next, the court is persuaded that the issues in this case will be better addressed by allowing Plaintiff's new attorney, Edward McBride, the opportunity to oppose Defendant's motion for summary judgment. Accordingly, the court GRANTS Plaintiff's motion to amend/correct the opposition to Defendant's motion for summary judgment.[13]

Finally, based upon the fact that the court is affording Mrs. Stewart the opportunity to file a new opposition to Defendant's motion for summary judgment through recently retained counsel, the court hereby ORDERS that any such opposition be accompanied by new affidavits. Therefore, the court will not consider the Affidavit of Sophia Stewart which was filed in support of her original objection to Defendant Dean Webb's motion for summary. Mrs. Stewart is directed to file any such affidavit through her newly retained counsel in accordance with the Federal Rules. The court therefore deems MOOT Defendant's motion to strike affidavit of Sophia Stewart.[14]

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

Plaintiff's motion to deny Defendant's motion for summary judgment[15] and Plaintiff's

---

[12]Docket no. 119.

[13]Docket no. 123.

[14]Docket no. 115.

[15]Docket no. 113.

motion to deny Defendant's motion to strike[16] are STRICKEN. The court will consider these documents as opposition memoranda and not motions.

Plaintiff's motion to amend/correct opposition to Mr. Webb's motion for summary judgment is GRANTED.[17]

Defendant's motion to strike Affidavit of Sophia Stewart is DEEMED MOOT.[18]

Any affidavits Plaintiff wishes to file in opposition to Mr. Webb's motion for summary judgment must be filed through counsel by December 23, 2010.

And finally, Defendant Webb may file any reply to Plaintiff's new opposition by January 21, 2011. The court renders no decision at this time on Mr. Webb's motion for summary judgment,[19] but will do so after this date.

IT IS SO ORDERED:

DATED this 9th day of December, 2010.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge

---

[16] Docket no. 119.

[17] Docket no. 123.

[18] Docket no. 115.

[19] Docket no. 111.