IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>                Plaintiff,<br>v.<br><br>MICHAEL T. STOLLER, et al.,<br>                Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:07-cv-552 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      Before the court are two motions filed by Defendant Dean Webb. First, Mr. Webb seeks summary judgment.[1] Second, Mr. Webb asks this court to strike, or in the alternative disregard, the Affidavit of Mike Otto that Plaintiff Sophia Stewart offers in opposition to Mr. Webb's motion for summary judgment.[2] Pursuant to Federal Rule 56, summary judgment is appropriate "if the pleadings, the discovery and disclosures materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[3] An issue of material fact is genuine if a "reasonable jury could return a verdict for the nonmoving party."[4] As outlined below, the court finds there is no genuine issue of material fact concerning Mr. Webb's representation of Ms. Stewart. Therefore, the court recommends that summary judgment be granted. The court further recommends that Mr. Webb's Motion to Strike Affidavit of Mike Otto, or in the alternative disregard, be deemed MOOT.

---

[1] Docket no. 111.

[2] Docket no. 130.

[3] Fed. R. Civ. P. 56(c) (2010 rev.) (all citations to the federal rules are to the 2010 revised edition).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## BACKGROUND[5]

In 2003, Sophia Stewart filed an action pro se in the United States District Court for the Central District of California. In her complaint Ms. Stewart brought claims against various filmmakers, producers and film studios for copyright infringement, declaratory relief and RICO violations related to the Matrix and Terminator motion pictures. Ms. Stewart alleged that her own copyrighted work "Third Eye" formed the basis for these motion pictures. Following Ms. Stewart's failure to serve the summons and complaint on any of the Terminator defendants, the court scheduled a hearing to consider whether the action should be dismissed for lack of prosecution. Plaintiff appeared at the hearing pro se, and represented to the court that she was in the process of retaining counsel, and therefore, the case should not be dismissed. The court agreed and gave Ms. Stewart additional time to prosecute her case.

While still representing herself, Plaintiff then served the Terminator defendants. On May 17, 2004, the Terminator defendants moved to dismiss the RICO claims and also sought to dismiss the other claims alleging violations of the statute of limitations and asserting a laches defense. Plaintiff failed to timely oppose the motions. On June 14, 2004, the case was transferred to Judge Margaret Morrow. Judge Morrow issued a notice to Plaintiff concerning the potential consequences of failing to oppose the defendants' motions and set a hearing for the motions on July 26, 2004. Judge Morrow allowed Plaintiff additional time to file an opposition.

On approximately July 14, 2004, Defendant Dean Webb, who brings the instant motion before the court, appeared on Ms. Stewarts behalf. Plaintiff also retained Gary Brown and Jonathan Lubell, both of whom are also Defendants in the instant action.

---

[5] The court finds the following facts to be undisputed. In her supplemental opposition, Plaintiff does not contest Defendant's listing of undisputed material facts.

Mr. Webb, whose practice focuses in part on RICO claims, provided Plaintiff advice about the RICO claims in her complaint. On July 12, 2004, Plaintiff filed a first amended complaint that maintained the RICO claims. Shortly thereafter, the Terminator defendants filed another motion to dismiss the RICO claims and renewed their motion to dismiss the remaining claims.

On September 27, 2004, the court held a hearing regarding the defendants' motions. Mr. Webb and Mr. Brown appeared for Plaintiff. Judge Morrow granted the motion to dismiss the RICO claims with leave to amend. During the hearing, Judge Morrow told the parties she thought the case was more appropriately suited as a copyright case and indicated that not pursuing the RICO claims would simplify the case and minimize costs. After dismissing the RICO claims, Judge Morrow granted leave to file a second amended complaint addressing any deficiencies in the RICO claims within twenty days.

Based on Judge Morrow's comments, Mr. Webb advised Plaintiff and her other attorneys, Gary Brown and Jonathan Lubell, that the RICO claims should be abandoned in favor of the copyright claims. On October 22, 2004, Plaintiff sought an ex-parte application for an additional extension of ten days to amend the complaint. In support thereof, Mr. Lubell filed a declaration stating that Mr. Webb was "mainly responsible for the RICO case, and that his departure left a gap in plaintiff's efforts to prepare and file an amended complaint."[6] The record indicates that Mr. Webb withdrew from representing Plaintiff at some point between September 27 and October 22, 2004. The official date of the withdrawal, however, was January 12, 2005, when Mr. Brown filed a notice of withdrawal with the court indicating that Mr. Webb was no longer involved in the case. As part of this notice, Mr. Lubbell field a sworn statement noting

---

[6] Order granting Plaintiff's ex parte application for enlargement of time to amend complaint, attached as ex. E to Def.'s mtn.

that Mr. Webb no longer represented Ms. Stewart at the time the second amended complaint was due.  Mr. Brown and Mr. Lubbell remained as counsel of record.

The second amended complaint was not filed until January 3, 2005, well after the original due date.  On March 25, 2005, Ms. Stewart's lawyers made an ex-parte motion to continue discovery.  In that motion, Plaintiff noted the difficulties that were caused in part by the withdrawal of Dean Webb.  On April 4, 2005, the court denied the motion.  On April 29, 2005, the defendants filed a motion for summary judgment that was never opposed by Plaintiff.  On June 13, 2005, the court granted the defendant's motion for summary judgment.  The court further ordered Ms. Stewart to pay attorneys fees in the amount of $305,235.62.  On May 18, 2005, Plaintiff filed a motion for relief of judgment under Federal Rule 60 that was denied.

Plaintiff filed the instant action on July 30, 2007, alleging *inter alia*, breach of contract, breach of the covenants of good faith and fair dealing, malpractice, civil conspiracy, fraud, breach of fiduciary duty, and conversion.  In essence, Plaintiff's claims center on the actions of her counsel in the California case, especially, the lack of effort to prosecute the matter.

## PROCEDURAL BACKGROUND

On May 26, 2009, this case was referred to the undersigned by Judge Clark Waddoups under 28 U.S.C. 636 (b)(1)(B) to handle all matters, including dispositive matters.[7]  Since that time, this court has entered a number of orders.[8]  Additionally, the court permitted Plaintiff to file another opposition to Defendant's motion for summary judgment through new counsel.[9]  Plaintiff filed her first opposition while she was acting pro se.[10]  But, based upon the broad

---

[7] Docket no. 67.

[8] *See e.g.,* docket nos. 68, 75, 85, 88, 93, 101, 106 and 124.

[9] Order dated December 9, 2010, docket no. 124.

[10] Docket no. 113.

interpretation of pro se pleadings[11] and the general preference to decide a case upon its merits rather than on pleading technicalities,[12] the court permitted Plaintiff to file a supplemental memorandum in opposition through her new counsel Edward McBride. Plaintiff filed the supplemental opposition in December 2010 and Defendant, Dean Webb, has now filed a response and motion to strike. The court now turns to the motions before it.

DISCUSSION

I.  Legal Standard

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[13] The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[14] "The mere existence of a scintilla of evidence in support of [a party's] position will be insufficient [to overcome a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [respective party]."[15]

The United States Supreme Court has stated that, "The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal

---

[11] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *See Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1187 (10th Cir. 2002).

[13] Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Alder v. Wal-Mart Sotres, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[14] *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999) ("A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact.").

Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"[16] Thus, summary judgment is appropriate in this matter if there are no genuine triable issues of material fact.

Finally, the court notes that the moving party, which is Mr. Webb in this motion, "has the initial burden of demonstrating the absence of any genuine issue of material fact to support the non-moving party's case."[17] Once the moving party has met this burden, the burden then shifts back to the nonmoving party to show that there is a genuine issue of material fact.[18] To discharge its burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[19] If the non-moving party fails to meet this burden with respect to any essential element of its case on which it bears the burden of proof at trial, then the moving party is entitled to summary judgment because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[20] The court considers the "evidence in the light most favorable to the non-moving party, drawing all reasonable inferences from the available underlying facts."[21]

---

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

[17] *Jensen v. Kimble*, 1 F.3d 1073, 1076 (10th Cir. 1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[18] *See Bacchus Industries, Inc. v. Arvin Industries, Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

[19] *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

[20] *Id.* at 323.

[21] *Jaramillo v. Colo. Judicial Dep't.*, 427 F.3d 1303, 1307 (10th Cir. 2005) (*en banc*) (*per curiam*) (quotation marks omitted).

II. Analysis

Mr. Webb argues that there is "simply no basis for Plaintiff to bring a legal malpractice action against him."[22] Mr. Webb alleges that "the facts upon which [Plaintiff's] causes of action are based occurred after [he] had withdrawn as Plaintiff's attorney."[23]

In opposition, Ms. Stewart argues that as shown by the facts and by the Affidavit of Mike Otto, there were several delays in the case while Mr. Webb was counsel. First, "the Second Amended Complaint was not filed in a timely manner."[24] Second, Initial Disclosures were not served upon the defendants in the California action in a timely manner. And third, Mr. Webb issued no discovery requests during his representation of Ms. Stewart. According to Plaintiff, these delays prejudiced the case to the extent that Ms. Stewart's lawyers "were subsequently unable to extend the discovery dates or vacate the Judgment due to their failure in timely prosecuting the case."[25]

Legal malpractice is a general term used to describe an attorney's wrongful conduct or an omission that may lead to injuring a client. "Clients wronged by their lawyers may sue for damages based on breach of contract, breach of fiduciary duty, or negligence."[26] To establish a prima facie case for legal malpractice under these theories one must first prove an attorney-client relationship or a breach of a specified term in a contract between an attorney and client, within the scope of the attorney-client relationship.[27] Thus, under any of these theories, one must show an attorney-client relationship.

---

[22] Mem. in sup. p. 8.

[23] *Id.* at p. 9.

[24] Op. p. 5.

[25] *Id.* at p. 6.

[26] *Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1289 (Utah Ct.App.1996) (citation omitted).

[27] *See Christensen & Jensen, P.C. v. Barrett & Daines*, 194 P.3d 931, 938

7

A review of the record demonstrates a lack of an attorney-client relationship between Mr. Webb and Ms. Stewart during the time when the alleged improper attorney actions took place. It appears that Ms. Stewart is simply trying to hold Mr. Webb accountable for activities that took place while he was not representing her. In fact, Plaintiff's own counsel, Mr. Lubbell, field a sworn statement that was accepted by the California court wherein it provides that Mr. Webb no longer represented Ms. Stewart at the time the second amended complaint was due. Thus, although his departure may have created strain upon the other attorneys concerning whether or not to include the RICO claims in the Amended Complaint, there is nothing before the court to indicate that Mr. Webb created the delays that prejudiced Ms. Stewart. Further, the RICO claims were still included in the Second Amended Complaint even without the presence of Mr. Webb.

Accordingly, there is a lack of evidence on which a jury could reasonably find in favor of Ms. Stewart. Ms. Stewart's failure to meet her burden with respect to establishing the essential element of an attorney-client relationship "renders all other facts immaterial."[28]

III.   Motion to Quash

Mr. Webb also moves to strike the Affidavit of Mike Otto, or in the alternative have the court disregard it. As noted by Mr. Webb, Mr. Otto's presence as "an expert" on behalf of Ms. Stewart is questionable at best and suffers from numerous problems. Notwithstanding these problems, in assessing Mr. Otto's Affidavit, the court finds it offers little support for her position as it discusses the standard of care for an attorney and seems to basically recite the record that is already before the court. But, based upon the court's discussion above concerning Plaintiff's failure to establish an essential element of her case, striking or disregarding Mr. Otto's Affidavit becomes a MOOT issue.

---

[28] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Therefore, the court recommends that Defendant's Motion to Strike or Disregard the Affidavit be DEEMED MOOT if summary judgment is granted.

RECOMMENDATION

Based upon the foregoing, the court RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED. The court FURTHER RECOMMENDS that Defendant's Motion to Strike be DEEMED MOOT.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[29] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 11 April 2011.

_____
Brooke C. Wells
United States Magistrate Judge

---

[29] *See* Fed. R. Civ. P. 72(b)(2).