IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Sophia Stewart,**<br><br>                             Plaintiff,<br><br>v.<br><br>**Michael T. Stoller, Jonathan Lubell, Gary Brown and John Does I through X, individuals whose identities are not yet known,**<br><br>                             Defendant. | **REPORT AND RECOMMENDATION TO STRIKE ANSWER**<br><br>Case No.  2:07-CV-552 CW  BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge  Brooke Wells |

This case was referred to the magistrate judge to conduct an initial pretrial conference under [DUCivR72-1](). Such a conference was scheduled December 7, 2011, and Jonathan Lubell failed to appear.[1] He had failed to participate in scheduling prior to the conference. The court therefore issued an order to show cause requiring all defendants to appear January 11, 2012, and show cause why the defendant's answer should not be stricken for failure to participate in scheduling.[2]

Jonathan Lubell failed to appear on January 11, 2012. Someone claiming to be Ms. Lubell called the court the day before the hearing and asked if Mr. Lubell could appear by phone. By contrast, other defendants provided verification, in advance, of reasons they could not appear in person.[3]

Based on the failures of Jonathan Lubell to appear at hearings or participate in developing a schedule in the case, and failure to respond to the order to show cause:

---

[1] Docket no. 178,filed December 7, 2011.
[2] Docket no. 174, filed December 8, 2011.
[3] Docket nos. 176 and 181, filed December 13, 2011 and January 9, 2011.

**RECOMMENDATION**

IT IS RECOMMENDED THAT the answer of Jonathan Lubell be stricken.

**NOTICE TO PARTIES**

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.[4] A party may respond to another party's objections within 14 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated January 11, 2012.

BY THE COURT:

*David Nuffer*
David Nuffer
U.S. Magistrate Judge

---

[4] See 28 U.S.C. § 636(b)(1)(B).