1

The Law Offices of
**GARY BROWN**

2

1 South Fair Oaks Avenue, Suite 301
Pasadena, California 91105-1945

3

Telephone: (818) 293-0979
Facsimile: (818) 293-0760

4

Bar Number: 52249

5

Gary S. Brown, In Pro Se

6

7

8

**IN THE UNITED STATES FEDERAL DISTRICT COURT**

9

**CENTRAL DISTRICT, STATE OF UTAH**

10

11

SOPHIA STEWART,

12

Plaintiff,

13

-vs-

14

MICHAEL T. STROLLER,
JONATHAN LUBELL, DEAN WEBB,

15

GARY BROWN  and JOHN DOES 1-X,
individuals whose identities are not yet

16

known,

17

Defendants.

18

19

Case No. 2:07-cv-00552-CW-EJF
[Assigned to Judge: Clark Waddoups and Magistrate
Judge Evelyn J. Furse]

**Motion in Limine re Trial**
[Accompanied by Declaration of Gary S. Brown;
Application to Specially Set Motion and Briefing
Schedule]

Date:  December 21, 2012
Time: 2:30 p.m.
Room 102.

Complaint Filed: July 30, 2007
Trial Date:   January 7, 2013

20

TO THE COURT AND PLAINTIFF SOPHIA STEWART:

21

The defendant Gary S. Brown brings this motion in limine to preclude the introduction of

22

expert testimony, exhibits in general, and witnesses other than herself, because the plaintiff has not

23

followed the <u>Scheduling Order of this Court made December 14, 2011</u>, and filed as document

24

number 179.[1/]  That order provides in pertinent part –

25

Pursuant to Fed. R. Civ P. 16(b), the Magistrate Judge received

26

the Attorneys' Planning Report filed by counsel. The following matters

27

28

[1/]   I remind the Court that I participated with Mr. McBride in developing the proposed
schedule, as revealed in his report and my affidavit of December 13, 2011, which is document 176.

1    are scheduled. The times and deadlines set forth herein may not be

2    modified without the approval of the Court and on a showing of good

3    cause.

4    The Order continues on to schedule Rule 26(a)(2) Reports from Experts to be delivered

5    simultaneously by Plaintiff and Defendants on June 15, 2012.  The accompanying declaration of

6    Gary S. Brown and its exhibit A shows that a report was served on June 15, 2012, by the defendant

7    who is qualified to testify as an expert about legal matters performed in California, which is the

8    substance of this case.  The same affidavit reports that no report was ever received from the Plaintiff.

9    The Order continues to set Rule 26(a)(3) Pretrial Disclosures for the Plaintiff by November 2,

10   2012 and thereafter by the Defendant on November 16, 2012.  The accompanying declaration of

11   Gary S. Brown reports that no disclosures were made by the Plaintiff and therefore no responsive

12   disclosures by the defendant.

13   And lastly pertinent to this motion, the Order provides that "All such motions, including

14   Motions in Limine should be filed well in advance of the Pre-Trial."  The local rules provide that we

15   should contact the Court for scheduling of motions in limine.  Having received instructions yesterday

16   following an email that is now document number 211 and its reply being document 212, this motion

17   is prepared and promptly filed.

18

19   <u>Sanctions for Non-Compliance</u>

20

21   <u>Fed.Rul.Civ.Proc. 16(f) provides</u> in pertinent part –

22   (f) Sanctions.

23   (1) In General. On motion or on its own, the court may issue any just

24   orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party

25   or its attorney:

26   ***

27   (C) fails to obey a scheduling or other pretrial order.

28   (2) Imposing Fees and Costs. Instead of or in addition to any other

PAGE 2

1   sanction, the court must order the party, its attorney, or both to pay the

2   reasonable expenses—including attorney's fees—incurred because of

3   any noncompliance with this rule, unless the noncompliance was

4   substantially justified or other circumstances make an award of

5   expenses unjust.

6   The failure to comply with the Scheduling Order unfairly prejudices the defendant in this

7   case, which is entirely built on a theory of malpractice.

8

9   <u>Non-Compliance is Significant in Light of the</u>

10  <u>Allegations Impacting Defendant Brown</u>

11

12  The First Amended Complaint alleges about Gary S. Brown that —

13      1.      He is duly licensed to practice law in California. [¶4]

14      2.      The contract was entered in Utah and the acts or omissions occurred in Utah.

15              [¶9]

16      3.      The complaint contains claims for breach of contract, malpractice, civil

17              conspiracy, fraud, breach of fiduciary duty and conversion. [¶11]

18      4.      There is an underlying lawsuit upon which this lawsuit rests. [¶12]

19      5.      Gary S. Brown was a counsel of record at various stages of the underlying

20              lawsuit. [¶13]

21      6.      Plaintiff alleges that the underlying lawsuit was dismissed due to defendants'

22              malpractice, conspiracy and breach of contract. [¶14]

23      7.      Plaintiff alleges the factual basis for her underlying action and her reliance

24              upon Jonathan Lubell about them being valid. [¶¶16-74]

25      8.      About July 2004 Gary Brown filed a *Notice of Appearance of Counsel* in the

26              underling action. [¶75]

27      9.      Gary Brown also sponsored Michael [sic] Lubell's and Dean Webb's

28              applications to appear *Pro Hac Vice* on Stewart's behalf in the underlying

PAGE 3

1   action. [¶76]

2   10.   Brown, Lubell and Webb thereafter drafted and filed Stewart's First Amended

3         Complaint. [¶77]

4   11.   About January 2005 Lubell and Brown filed Stewart's Second Amended

5         Complaint. [¶81]

6   12.   The defendants in the copyright suit served discovery on Brown and Lubell

7         including a notice of deposition. [¶¶83-84]

8   13.   Stewart was scheduled to produce documents by February 15, 2005. [¶85]

9   14.   Documents were not produced and interactions occurred about the deposition

10        about February 16-18, 2005. [¶¶87-94]

11  15.   Stewart was ready, willing and able to be at her deposition and the story about

12        her not being able to attend was false. [¶¶91-93]

13  16.   Lubell stepped in to set up a deposition date of March 17, 2005, which was

14        confirmed with Lubell and Brown by Boren. [¶99]

15  17.   Stoller became Stewart's attorney of record on March 7, 2005.[2/]

16  18.   On March 16, 2005, Stoller notified the underlying defendants of Brown's

17        serious health condition and need to further postpone the deposition.  Stoller

18        revealed that he had 3-4 inches of documents to produce and delivered them

19        to the defense counsel that day.  Stoller also advised Boren that Lubell had

20        arrived in Los Angeles to represent Stewart at the deposition. [¶103]

21  19.   On March 17, 2005, a certified court reporter confirmed that Ms. Stewart did

22        not arrive for her deposition. [¶106]

23  20.   On March 25, 2005, Brown and Stoller filed Stewart's first requests for

24        discovery against the underlying defendants.

25  21.   On March 25, 2005, Lubell, Stoller and Brown filed an application to extend

26

27  [2/]   Not revealed in the pleading is that Brown was hospitalized on March 5, 2005, following multiple heart attacks and remained in the hospital in intensive care until March 14, 2005, and thereafter required four months to recover.  Brown's heart condition later evolved to an open heart bypass procedure to restore blood flow and implanting of a defibrulator/pacemaker.

28

PAGE 4

dates. The application referred to Mr. Brown's illness and Mr. Stoller replacing Mr. Webb.  [¶¶121-122][3/]

22.  Stewart denies being told her deposition was cancelled or continued and that she was always ready willing and able to appear and testify. [¶¶126-129]

23.  Reference is made to Lubell's declaration that describe's Brown's role as handling "local daily matters" and his role addressing "copyright issues and coordinating legal efforts." [¶131]

24.  The underlying defendants filed a Motion for Summary Judgment on April 29, 2005.

25.  Lubell, Stoller and Brown filed an opposition to the Motion for Summary Judgment three days late. [¶¶146-147] The motion was granted. [¶148]

26.  Brown, along with Lubell and Stoller are alleged to have not done necessary discovery. [¶¶152, 154, 155]

27.  Stewart accuses Brown and the other lawyers of many other acts of negligence based upon the alleged ruling of the judge in the underlying case. [¶¶160, 161, 163. 165, 166, 169, 171, 174-178]

28.  Stewart alleges that Brown, Lubell and Stoller are alleged to have breached the contract by performing negligent legal services. [¶197]

29.  Stewart alleges that the defendants did not act in good faith for the same reasons as they breached the contract. [¶¶201-205]

30.  Stewart alleges that Brown, Lubell and Stoller committed malpractice. [¶¶208-215]

31.  Stewart alleges that the defendants committed a civil conspiracy based upon their lack of performing meaningful work on her behalf. [¶¶217-222]

32.  Stewart alleges that the defendants committed fraud by not doing their legal work. [¶¶225-238]

---

[3/]   If the documents are ever examined it will be seen this was done by Mr. Stoller and Mr. Brown was not involved.

THE LAW OFFICES OF GARY BROWN
PASADENA, CALIFORNIA 91105
Tel. 818/293-0979 Fax 818/293-0760

MOTION IN LIMINE RE TRIAL
9972 - 11 [Motion in Limine re Trial].wpd

33.   Stewart alleges that the defendants breached their fiduciary duties by not doing their legal work. [¶¶ 241-244]

34.   Stewart alleges that the defendants took money that should be returned because they did not do their legal work. [¶¶246-249]

## The Legal Argument

This case is about a plaintiff who was pursuing a lawsuit in the Federal District Court for the Central District of California. Gary S. Brown was approached only to provide access to that Court for Jonathan Lubbell (as a copyright attorney then residing in New York) and Dean Webb (as a RICO specialist, then residing in the State of Washington). The written retainer agreement entered by the Plaintiff recites Mr. Brown's role to be administrative.

This brief refrains from a lengthy discussion about the choice of law to be applied concerning a legal malpractice case, as the Court is more familiar with that subject.

Under California Law a plaintiff obtains relief based upon the Primary Right asserted, which in this case is negligence by attorneys, commonly called attorney malpractice. This principal was explained by the California Supreme Court as follows –

> The primary right is simply the plaintiff's right to be free from the particular injury suffered. (*Slater v. Blackwood, supra*, 15 Cal.3d 791, 795.) It must therefore be distinguished from the legal theory on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, [*682] one injury gives rise to only one claim for relief." (*Ibid.*) The primary right must also be distinguished from the remedy sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the

THE LAW OFFICES OF GARY BROWN
PASADENA, CALIFORNIA 91105
Tel. 818/293-0979 Fax 818/293-0760

MOTION IN LIMINE RE TRIAL
9972 - 11 [Motion in Limine re Trial].wpd

1        other." (*Wulffen v. Dolton, supra*, 24 Cal.2d 891, 895-896, italics deleted.)

2        [*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681-682]

3

4        The Primary Right theory prevents a plaintiff from dividing up a lawsuit into different

5  lawsuits by utilizing different legal theories. [*Johnson v. American Airlines, Inc.* (1984) 157 Cal.App.3d

6  427, 432] And the Primary Right theory eliminates different causes of action for the same

7  fundamental right. [*Big Boy Drilling v. Rankin* (1931) 231 Cal. 646] This has been applied to claims

8  against lawyers, reducing them for analysis to one Primary Right. [*Bay Cities Paving & Grading v.*

9  *Lawyers' Mutual Ins. Co.* (Cal. 1993) 5 Cal. 4th 854, 860 ("'"[T]he 'cause of action' is based upon the

10  harm suffered, as opposed to the particular theory asserted by the litigant. . . . Even where there are

11  multiple legal theories upon which recovery might be predicated, one injury gives rise to only one

12  claim for relief." (*Slater v. Blackwood, supra*, 15 Cal.3d 791, 795, italics added.)")] The point is that the

13  present claims are pleaded excessively and stand only for the proposition that the retained lawyers

14  did not perform their duties within the standard of care in the community in which they were

15  employed to perform: California.

16        It is axiomatic that the malpractice claims brought by Ms. Stewart must be proved, if at all,

17  by experts testifying about the events of the previous lawsuit that in turn must be established by

18  exhibits from that underlying lawsuit resting upon foundations laid to admit them into evidence.

19  The absence of an expert report for the plaintiff and any exhibits identified is fatal to Ms. Stewart

20  proceeding to trial. The absence of witnesses is equally fatal. This application seeks an order that

21  having failed to abide by the Scheduling Order she cannot now submit a late expert report or lately

22  identified exhibits, or witnesses other than herself.

23        Respectfully submitted,

24

25

26        The Law Office of Gary S. Brown

27        By: Gary S. Brown

28        *In Pro Se*

**Certificate of Service**

I hereby certify that a copy of the foregoing Motion in Limine re Trial [Accompanied by Declaration of Gary S. Brown; Application to Specially Set Motion and Briefing Schedule] was served by U.S. Mail on December 3, 2012, by enclosing a true copy of said documents in separate envelopes for each addressee, postage prepaid, and depositing same in a regularly maintained United States Postal Service mail depository in the City and County of Los Angeles, California, addressed as follows:

| **Pro Se Plaintiff**<br>Sofia Stewart<br>P.O. Box 31725<br>Las Vegas, NV 89173<br>Tel.:(702) 364-2008 | **Pro Se Defendant**<br>Jonathan Lubell<br>207 Pelican Place<br>St. Simons Island, GA 31522<br>Tel: |
|---|---|

Dated: December 3, 2012

Julie A. Reed

THE LAW OFFICES OF GARY BROWN
PASADENA, CALIFORNIA 91105
Tel. 818/293-0979 Fax 818/293-0760

MOTION IN LIMINE RE TRIAL

9972 - 11 [Motion in Limine re Trial].wpd