IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL T. STOLLER, JONATHAN LUBELL, DEAN WEBB, GARY BROWN, and JOHN DOES I through X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY (Docket No. 195)**<br><br>Case No.  2:07-cv-00552-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

On May 9, 2012, Defendant Michael Stoller filed a bankruptcy petition in the United States Bankruptcy Court for the Central District of California.  (*See* Docket No. 192.)  Plaintiff Sophia Stewart subsequently moved this Court for relief from the automatic stay effectuated by Mr. Stoller's bankruptcy filing.[1]  (Docket No. 195.)  Ms. Stewart also asks this Court to extend discovery so that she may depose Defendants Michael Stoller and Gary Brown.  *Id.*  Because Ms. Stewart proceeds pro se the Court liberally construes her filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

The Court denies Plaintiff's Motion to the extent it seeks relief from the automatic stay because such a request must be made to the bankruptcy court with jurisdiction over the bankruptcy case.  The Court also denies Plaintiff's Motion to the extent it seeks to modify the Scheduling Order because Plaintiff does not provide good cause for the modification.

---

[1] This case was referred to the undersigned Magistrate Judge under 28 U.S.C. section 636(b)(1)(B).  (*See* Docket No. 191.)  Defendant Michael Stoller did not file an opposition to Plaintiff's Motion and the time in which to do so has passed.  *See* DUCivR 7-1(b)(3)(B).

## DISCUSSION

### 1. Relief from Automatic Stay

Section 362(a) of the Bankruptcy Code imposes an automatic stay of all proceedings against a debtor upon the filing of the bankruptcy petition. 11 U.S.C. § 362(a). A party in interest may seek relief from the automatic stay under Section 362(d) of the Bankruptcy Code. *See* 11 U.S.C. § 362(d). The power to grant this relief, however, lies with the bankruptcy court with jurisdiction over the debtor's case. *Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) (citing *Cathey v. Johns-Manville Sales Corp.,* 711 F.2d 60, 62-63 (6th Cir. 1983), *cert. denied,* 478 U.S. 1021, 92 L.Ed.2d 740 (1986)); *see also In re Dominguez*, 312 B.R. 499, 505 (Bankr. S.D.N.Y. 2004) ("***only*** a bankruptcy court has jurisdiction to terminate, annul or modify the automatic stay" (emphasis in original) (citation omitted)). Because this Court is not the proper forum in which to seek this relief, the Court denies Plaintiff's Motion to the extent it seeks relief from the automatic stay.

### 2. Extension of Discovery

The Scheduling Order entered in this case set May 25, 2012, as the end of fact discovery. (Docket No. 179.) Plaintiff filed the instant motion, in which she seeks an extension of discovery to allow her to depose Defendants Stoller and Brown, on June 18, 2012. (*See* Docket No. 195.) Federal Rule of Civil Procedure 16 allows for modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Nowhere in her filing does Plaintiff state good cause for the modification to the Scheduling Order.

Although the Court reads Plaintiff's filing liberally, as it must, *Casanova*, 595 F.3d at 1125 (citation omitted), it is not the proper function of the Court to seek out or construct a showing of good cause on behalf of the Plaintiff, *Garrrett v. Selby Connor Maddux & Jenner*,

425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).  Because Plaintiff does not show good cause for modifying the Scheduling Order, the Court denies Plaintiff's Motion to the extent it seeks to extend discovery.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Relief from the Automatic Stay (Docket No. 195).

SO ORDERED this 3rd day of December, 2012.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge

3