IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL T. STOLLER, et al.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECUSAL (Docket No. 209)**<br><br>Case No.  2:07-cv-00552-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Sophia Stewart moved this Court for "Recusal of Judge Clark Waddoups and Magistrate Judge Evelyn Furse for Bias and Prejudice and Extraprejudicial."[1]  (Docket No. 209.) Because Ms. Stewart proceeds pro se the Court liberally construes her filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).  Plaintiff cites 28 U.S.C. sections 144 and 455 alleging, among other things, that Judge Waddoups and Magistrate Judge Furse must recuse themselves because of bias and prejudice.[2]  (*See* Docket No. 209.)  The Court denies Plaintiff's Motion because she fails to provide any facts that can form a valid basis for her Motion.

### DISCUSSION

28 U.S.C. sections 144 and 455 govern disqualification of judges.  Section 455 "place[s] the obligation to identify the existence of [bias or prejudice] upon the judge himself."  *Liteky v.*

---

[1]　This case was referred to the undersigned Magistrate Judge under 28 U.S.C. section 636(b)(1)(B).  (*See* Docket No. 191.)

[2]　A judge whose recusal is sought under 28 U.S.C. section 144 or 455 need not transfer the matter to another judge, but may decide the motion herself.  *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 353 F. Supp. 2d 1160, 1172 (D. Utah 2005) (citations omitted).

*United States*, 510 U.S. 540, 548 (1994).  Section 144 "places a substantial burden on the moving party to demonstrate that the judge is not impartial."  *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) (citation omitted).  No justification exists for recusal under either section 144 or section 455.

### A. Legal Standards

#### 1. Standard under Section 455

Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C.A. § 455(a) (West 2012).  A judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C.A. § 455(b)(1) (West 2012).

The standard for disqualification under section 455 is objective.  *In re McCarthey*, 368 F.3d at 1269.  Under this standard

> disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.  There must be a reasonable factual basis to question the judge's impartiality.  The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record.

*Id.* at 1269-70 (citations omitted).

#### 2. Standard under Section 144

A party who seeks to disqualify a judge under section 144 must file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C.A. § 144 (West 2012).  The affidavit must be timely and "state the facts and the reasons for the belief that bias or prejudice exists."  *Id.*  "Under § 144, the affidavits filed in support of recusal are strictly

2

construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted). An affidavit "is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (quotations and citations omitted).

Section 144 imposes upon the party who seeks disqualification the burden to "demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial." *In re McCarthey*, 368 F.3d at 1269 (citation omitted).

### B. Disqualification Is Not Justified

Plaintiff seeks disqualification based almost entirely on conclusory allegations of bias and prejudice. Plaintiff alleges the following facts as evidence of bias or prejudice as against Judge Waddoups: vacation of trial dates, termination of Defendant Dean Webb from the case, and failure to enter default judgments sought by Plaintiff. Plaintiff alleges the following facts as evidence of bias or prejudice as against Magistrate Judge Furse: failure to enter default judgments sought by Plaintiff. These facts simply represent judicial rulings with which Plaintiff does not agree. However, "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky*, 510 U.S. at 541 (citation omitted); *see also Green*, 969 F.2d at 919 ("[A]dverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification.") (citation omitted). To the extent Ms. Stewart's claim goes to the delay between her motions for default and ruling on those motions, the length of time that elapsed between filing and ruling (the longest being from September 14, 2012 to December 4, 2012) is

well within the discretion of the Court to manage its calendar and, as a matter of law, could not constitute a due process violation under the circumstances of this case.

Even reading Plaintiff's filing liberally, as this Court must, *Casanova*, 595 F.3d at 1125, Plaintiff cites no facts to question the impartiality of Judge Waddoups or Magistrate Judge Furse. Accordingly, there exists no basis for disqualification under section 455 or section 144. The Court denies Plaintiff's Motion.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Recusal (Docket No. 209).

SO ORDERED this 6th day of December, 2012.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge