IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL T. STOLLER, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CHANGE VENUE (Docket No. 210)**<br><br>Case No.  2:07-cv-00552-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Sophia Stewart filed this attorney malpractice action in this District in 2007.  At the time, Ms. Stewart resided in Utah.  After filing her action, Ms. Stewart relocated to Nevada.  Ms. Stewart now moves this Court to transfer venue to the United States District Court for the District of Nevada.[1]  (Docket No. 210.)

Because Ms. Stewart proceeds pro se, the Court liberally construes her filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).  In support of her Motion for Change of Venue Ms. Stewart alleges she cannot get a fair and impartial trial in this District and continuing the case in this District would cause her financial hardship.  The Court denies Plaintiff's Motion because she could not have originally brought this action in the District of Nevada.

---

[1] Judge Clark Waddoups referred this case to Magistrate Judge Brooke C. Wells on May 26, 2009, under 28 U.S.C. section 636(b)(1)(B).  (Docket No. 67.)  The case was reassigned to the undersigned Magistrate Judge on May 21, 2012.  (Docket No. 191.)  Judge Waddoups subsequently recused himself, and Judge Benson now sits on this case.  (Docket No. 234.)

1

## BACKGROUND

Ms. Stewart alleges two bases for her motion to transfer venue. First, she alleges she cannot get a fair and impartial trial in this District. This Court recently entered a decision denying Ms. Stewart's motion to disqualify Judge Waddoups and Magistrate Judge Furse from this case. (Docket No. 225.) Ms. Stewart makes the same conclusory allegations in support of this Motion as she made in her disqualification motion. For the same reasons discussed in that decision, the Court finds Ms. Stewart's argument to be meritless; namely because she provides no factual support for her allegations. *See Lovelace v. Gramley*, 920 F.2d 935 (7th Cir. Dec. 12, 1990) (unpublished table decision) (affirming district court order denying motion for transfer based on relocation of plaintiff and allegations of judicial bias or prejudice); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1162-63 (W.D.N.Y. 1994) (denying motion for disqualification and transfer of venue based on allegations of judicial bias or prejudice).

The second basis for transfer cited by Ms. Stewart is the travel expense of continuing the action in this District would cause undue hardship.

## LEGAL STANDARD

Under 28 U.S.C. section 1404(a) a district court may transfer a case "[f]or the convenience of the parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Deciding whether to transfer venue requires a two-pronged analysis. First, the alternative venue must be one where the plaintiff originally could have filed the case or one to which all parties have consented. *See id.* Under the second prong, a court weighs the following discretionary factors:

>the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

A plaintiff or a defendant may move for transfer under section 1404(a). *E.g.*, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citations omitted). The burden of establishing the inconvenience of the existing forum lies with the moving party. *See Bartile Roofs*, 618 F.3d at 1167 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

## DISCUSSION

### A. The Might-Have-Been-Brought Limitation

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 204, 125 Stat. 758, 764 (2011), took effect on January 6, 2012, adding the language "or to any district or division to which all parties have consented" to the last sentence of section 1404(a). This added language does not apply in this case because Ms. Stewart filed before that amendment took effect. *See* Pub. L. No. 112-63, § 205, 125 Stat. 758, 764 (2011) (noting effective date of act); *Microspherix LLC v. Biocompatibles, Inc.*, No. 9:11-cv-80813-KMM, 2012 WL 243764, at *2 n.2 (S.D. Fla. Jan. 25, 2012) (recognizing that language added to section 1404(a) does not apply to cases filed before January 6, 2012). As a result, this Court need only consider under the first prong whether Ms. Stewart could have originally brought this action in the District of Nevada.

The might-have-been-brought limitation looks at the case as it existed when the plaintiff originally filed the complaint — not when a party files its motion for transfer. *Hoffman v. Blaski,* 363 U.S. 335, 342-44 (1960); 15 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3845, at 48 (3d ed. 2007) ("It is well settled . . . that [section 1404(a)] bars transfer to a district or division that would not have been a proper venue in the first instance.").

Venue is generally determined under 28 U.S.C. section 1391. Like section 1404(a), the Federal Courts Jurisdiction and Venue Clarification Act made significant changes to section 1391. Because these changes do not apply to this case, *see* Pub. L. No. 112-63, § 205, 125 Stat. 758, 764 (2011) (noting effective date of act), this Court must determine whether venue would have been proper in Nevada at the time Ms. Stewart filed this case under section 1391 as that statute then existed.

As written when Ms. Stewart filed this action, section 1391 provided for venue in diversity jurisdiction cases in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

The Court addresses each possible basis for venue under section 1391(a) in turn.

### 1. Section 1391(a)(1) - Where Any Defendant Resides

Ms. Stewart's Complaint named four Defendants: Michael Stoller, Jonathan Lubell, Gary Brown, and Dean Webb.[2] The Complaint lists addresses for the Defendants in California, New York, California, and Washington, respectively. Because the Defendants did not all reside in the same state and none of the Defendants resided in Nevada, Ms. Stewart could not originally have filed her Complaint in the District of Nevada under section 1391(a)(1).

### 2. Section 1391(a)(2) – Substantial Events Or Omissions

Under section 1391(a)(2) venue may lie in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). In reviewing venue, the Court must "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims. . . . [and] determine whether substantial 'events material to those claims occurred' in the

---

[2] Ms. Stewart's original Complaint also included ten "John Doe" Defendants. Fictional defendants may preclude a plaintiff from filing in federal court based on diversity jurisdiction. *See, e.g., Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("But because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.") (citations omitted). *But see, e.g., Doe v. Ciolli*, 611 F. Supp. 2d 216, 219-20 (D. Conn. 2009) (citing cases allowing federal diversity actions to be filed with "John Doe" defendants). This Court, however, need not reach the question whether the inclusion of "John Doe" Defendants in the original Complaint would cause Ms. Stewart to fail on the might-have-been-brought limitation because she fails that test on independent grounds.

The inclusion of the "John Doe" Defendants in the original Complaint need not deprive this Court of subject matter jurisdiction because this Court previously denied Ms. Stewart leave to amend her Amended Complaint to name those parties. (Docket No. 75.) No evidence suggests any of the "John Doe" Defendants is an indispensable party under Federal Rule of Civil Procedure 19. To the extent the "John Doe" Defendants remain in this action, this Court could dismiss them under Rule 21. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 845-46 (10th Cir. 1988) ("[I]t is well-settled that nondiverse parties may be dismissed in order to preserve diversity jurisdiction.") (citations omitted); 7 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 1685, at 491-92 (3d ed. 2001) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19.").

forum district." *Bartile Roofs*, 618 F.3d at 1166 (quotations and citations omitted).  At heart this case concerns attorney malpractice, which generally requires an attorney-client relationship, "negligence on the part of the attorney, and . . . that such negligence was the proximate cause of damage to the client."  *Breuer-Harrison, Inc. v. Combe*, 799 P.2d 716, 727 (Utah Ct. App. 1990).

Material events related to this case occurring in Utah include the following.  Defendant Lubell contacted Ms. Stewart at her residence in Utah about representing her in the California copyright action giving rise to the instant attorney malpractice action.  (Compl. 17.)  Ms. Stewart and the Defendants executed their contract in Utah.  (Compl. 2.)   Defendants contacted Ms. Stewart at her home in Utah to advise her of the status of the California copyright action. (Compl. 32.)

Material events related to this case occurring in California include the appearance of Defendants in the Central District of California on behalf of Ms. Stewart in the California copyright case and their actions taken in the course of representing Ms. Stewart therein.

No material events related to this case occurred in Nevada.

This Court finds a substantial part of the events giving rise to Ms. Stewart's claims occurred in Utah.  *See Merchants Nat'l Bank v. Safrabank*, 776 F. Supp. 538, 541 (D. Kan. 1991) (finding substantial events sufficient for venue in Kansas where defendants solicited plaintiff in Kansas, mailed documents to plaintiff in Kansas, and telephoned plaintiff in Kansas).  Although events also occurred in California, the standard under section 1391(a)(2) does not limit venue to the district where the "most substantial" events or omissions occurred; "[r]ather, the court need only determine if 'substantial' activities took place in [Utah]."  *Id.*  Moreover, this Court has already ruled that venue in Utah is proper under section 1391(a)(2).  (*See* Docket No. 35.)

### 3. Section 1391(a)(3) – Where Any Defendant Is Subject To Personal Jurisdiction

Section 1391(a)(3) only applies "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). As discussed above, venue properly lies in the District of Utah under section 1391(a)(2). As such, section 1391(a)(3) could not have provided a basis for venue in the District of Nevada or anywhere else.

Even if section 1391(a)(2) did not provide for a district in which the action might have been brought, Ms. Stewart provides no evidence that any of the Defendants was subject to personal jurisdiction in Nevada at the time she filed her Complaint.

Because Ms. Stewart could not have originally filed this case in the District of Nevada, this Court cannot now transfer this case to that District.

### B. The Discretionary Factors Do Not Favor Transfer

Even if Ms. Stewart satisfied the might-have-been-brought prong, transfer would still be inappropriate based upon the discretionary factors set forth in *Bartile Roofs*. The only currently active defendant, Gary Brown, resides in California. Given that the alleged malpractice occurred in a California case while Ms. Stewart lived in Utah, Nevada has a very limited interest in this case. Nevada's only relationship with this case consists of Ms. Stewart's current residence therein.

Moreover, the advanced stage of this litigation weighs heavily against transfer. *See, e.g., Feingold v. Chrismas*, 818 F. Supp. 2d 763, 765 (S.D.N.Y. 2011) (noting that transfer of venue at late stage of litigation is not in the interests of justice). Whereas the transferee court would require substantial time and effort to familiarize itself with this case's significant history, this Court already has familiarity with the relevant issues and procedural history. *See Allergan Sales, Inc. v. Pharmacia & Upjohn, Inc.*, No. 96-CV-1430 H(JFS), 1997 WL 250519, at *2 (S.D. Cal.

Apr. 2, 1997) (noting inefficiency of transfer where court has "expended substantial time familiarizing itself with the facts and law and ruling on various motions"), *dismissed on other grounds*, 132 F.3d 49 (Fed. Cir. 1997). To delay this already five-plus year old case any longer would not serve the parties or the public interest. Accordingly, these factors do not balance in favor of transfer.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Change Venue (Docket No. 210).

SO ORDERED this 18th day of January, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge