# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL T. STOLLER, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No.  2:07-cv-00552-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

On December 11, 2012, Plaintiff Sophia Stewart filed a number of motions seeking to vacate this Court's December 6, 2012, Memorandum Decision and Order denying Ms. Stewart's Motion for Recusal and objecting to the hearing set for December 14, 2012, on Defendant Gary Brown's Motion in Limine.  (*See* ECF Nos. 228–233.)  Because Ms. Stewart proceeds *pro se*, the Court liberally construes her filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

### A. Disqualification is not Justified

ECF Nos. 228, 230, and 231 seek, among other things, to disqualify District Judge Clark Waddoups[1] and Magistrate Judge Evelyn Furse[2] and vacate this Court's previous Memorandum Decision and Order ("Decision") denying Ms. Stewart's earlier Motion for Recusal.

---

[1] Judge Waddoups recused himself from this case on December 13, 2012, and Judge Dee Benson now sits on this case.  (ECF No. 234.)  This Motion is therefore moot to the extent it seeks to disqualify Judge Waddoups.

[2] A judge whose recusal is sought under 28 U.S.C. section 144 or 455 need not transfer the matter to another judge but may decide the motion herself.  *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 353 F. Supp. 2d 1160, 1172 (D. Utah 2005) (citations omitted).

-1-

Courts generally recognize the following three grounds for reconsideration: "(1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Ekotek Site PRP Comm. v. Self*, 932 F. Supp. 1319, 1322 (D. Utah 1996). Ms. Stewart's Motions do not state any recognized grounds for disturbing this Court's prior Decision, and the Court therefore denies these Motions to the extent they ask this Court to revisit that Decision.

Rather, Ms. Stewart generally repeats the same type of conclusory allegations of bias and prejudice this Court already found could not provide a basis for disqualification under 28 U.S.C. section 144 or 28 U.S.C. section 455. The only new facts Ms. Stewart alleges relate to this Court's setting of a hearing on Defendant Gary Brown's Motion in Limine. Ms. Stewart complains she did not receive adequate notice of the hearing and the Court's communications with Mr. Brown in setting his Motion in Limine for a hearing and granting him permission to appear by telephone were improper. (*See* ECF Nos. 211, 227.) Ms. Stewart does not identify what was improper about the actions, and, in fact, she also could have requested leave to appear by telephone. (*See* ECF No. 217.) The Court ultimately vacated that hearing on December 13, 2012.

Section 455 provides an objective standard for disqualification. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). Under this standard:

> disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality. There must be a reasonable factual basis to question the judge's impartiality. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record.

*Id.* at 1269–70 (citations omitted).

Section 144 requires the party who seeks to disqualify a judge to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The Court strictly construes timely filed affidavits against the affiant, requiring them to meet a substantial burden to prove the judge is not impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted). An affidavit "is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) (quotations and citations omitted).

Even read liberally, nothing in Ms. Stewart's filings raises any question as to this Court's impartiality. Thus, Ms. Stewart has no basis for disqualification under section 455 or 144. The Court denies the Motions to the extent they seek to disqualify Magistrate Judge Furse.

### B. The December 14 Hearing

ECF Nos. 228, 229, 231, 232, and 233 seek to compel the attendance of Defendants at the December 14, 2012, hearing on Defendant Gary Brown's Motion in Limine or alternatively to continue that hearing. On December 13, 2012, this Court vacated that hearing. Accordingly, the Court denies as moot these Motions to the extent they seek relief related to the December 14 hearing.[3]

---

[3] ECF Nos. 228 and 231 also sought the relief discussed above. *See supra* Part A.

-4-

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The Court DENIES ECF No. 228.

2. The Court DENIES ECF No. 229.

3. The Court DENIES ECF No. 230.

4. The Court DENIES ECF No. 231.

5. The Court DENIES ECF No. 232.

6. The Court DENIES ECF No. 233.

SO ORDERED this 5th day of April, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge