**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SOPHIA STEWART,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL T. STOLLER, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-cv-00552-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Before the Court is *pro se* Plaintiff Sophia Stewart's Emergency and Instant Motion for Order to Compel Appearance and Under Oath Testimony (ECF No. 242). This Motion seeks to compel the physical appearance of the Defendants and unspecified witnesses for the Plaintiff at the hearing on Defendant Gary Brown's First Motion in Limine, which is presently scheduled for May 2, 2013. In the alternative, Ms. Stewart seeks a continuance *sine die* of that hearing to allow her additional time to prepare. This Motion also seeks to disqualify District Judge Clark Waddoups[1] and Magistrate Judge Evelyn J. Furse. Because Ms. Stewart proceeds *pro se*, the Court liberally construes her filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

**A. The May 2 Hearing**

In setting the hearing scheduled for May 2, 2013, on Defendant Gary Brown's First Motion in Limine (the "May 2 Hearing"), this Court notified all parties the Court would permit the parties to appear at that hearing by telephone. (*See* ECF No. 240.) Ms. Stewart now seeks to

[1] Judge Waddoups recused himself from this case on December 13, 2012, and Judge Dee Benson now sits on this case. (ECF No. 234.) This Motion is therefore moot to the extent it seeks to disqualify Judge Waddoups.

compel the physical appearance of the Defendants and unidentified witnesses for the Plaintiff at that hearing. In the alternative, Ms. Stewart requests the Court continue the hearing to allow her more time to prepare.

Ms. Stewart argues that if Defendants do not appear in person they may "be hooked to an earpiece receiving answers from another lawyer on a cellphone or hidden under a table." (Mem. Supp. 2.) Ms. Stewart further argues that allowing the Defendants to appear by telephone would deprive her of the chance to "see if the witness gets nervous at certain questions and starts shifting in the chair." (*Id.*) Ms. Stewart presents no facts to support her concerns. Nor does Ms. Stewart cite any authority requiring the physical presence of the Defendants at a civil hearing on a motion in limine.[2]

As to Plaintiff's request for an order compelling her own witnesses to appear, the Court notes a motion to compel is not the correct device. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that *pro se* parties, although held to a less stringent standard than attorneys, must still comply with the Federal Rules of Civil Procedure, and that the court cannot "assume the role of advocate"). In any case, the Court would have to deny this aspect of Ms. Stewart's Motion because she does not identify any witnesses whose appearance she seeks to compel.

Moreover, the Court does not anticipate hearing evidence at the May 2 Hearing. If Ms. Stewart wanted testimony under oath, she should have deposed those individuals during fact discovery, which closed on May 25, 2012. Based on the record before the Court, good cause

[2] Ms. Stewart apparently attempts to invoke the Sixth Amendment's Confrontation Clause. (*See* Mem. Supp. 3.) But the Sixth Amendment plainly does not apply to civil proceedings. *See, e.g.*, *Emile v. I.N.S.*, 244 F.3d 183, 189 (1st Cir. 2001) (noting the Sixth Amendment's Confrontation Clause does not apply to civil proceedings).

does not exist to compel the Defendants or Plaintiff's unidentified witnesses to appear in person at the May 2 Hearing.

Regarding Ms. Stewart's alternative request for a continuance of this hearing, the Court notes the motion at issue was first set for hearing on December 14, 2012. (*See* ECF No. 217.) The Court sent notice to the parties of that hearing date on December 3, 2012. (*Id.*) The Court vacated the December 14 hearing date on December 13, 2012. On April 8, 2013, the Court sent a new notice to the parties setting the hearing for May 2, 2013. (*See* ECF No. 240.) The Court has provided the parties approximately three weeks' notice of the May 2 Hearing. Moreover, Ms. Stewart has been on notice for such a hearing since at least December 2012. The Court finds Ms. Stewart has had adequate notice and time to prepare for the May 2 Hearing.

Thus, the Court denies this Motion to the extent it seeks to compel the physical appearance of the Defendants and unidentified witnesses for the Plaintiff or alternatively to continue the May 2 Hearing.

**B. Disqualification Is Not Justified**[3]

The Court has already discussed the relevant standards for disqualification at length in two previous decisions in this case. (*See* ECF Nos. 225, 239.) Ms. Stewart presents no new facts or allegations. Instead, Ms. Stewart re-submits a portion of an earlier filing, (*see* ECF No. 231), which this Court already found contains the type of vague and conclusory allegations that cannot form the basis for a motion to disqualify. (*See* ECF No. 239.) Ms. Stewart also attaches a copy of a letter apparently sent to the U.S. Attorney for the District of Utah concerning a

[3] A judge whose recusal is sought under 28 U.S.C. section 144 or 455 need not transfer the matter to another judge but may decide the motion herself. *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 353 F. Supp. 2d 1160, 1172 (D. Utah 2005) (citations omitted).

complaint[4] Ms. Stewart alleges to have filed with the U.S. Attorneys' Office against the undersigned Magistrate Judge and others involved in this case. (*See* ECF No. 242, Ex. 1.) This letter contains the same vague and conclusory allegations this Court has already found cannot form a basis for a motion to disqualify. (*See* ECF No. 239.) That Ms. Stewart has filed or intends to file a separate action against a judge presiding over or referred to her case does not, without more, require that judge's recusal or disqualification. *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."); *In re Martin-Trigona*, 573 F. Supp. 1237, 1243 (D. Conn. 1983) (noting that judges have a "duty to sit where there is no valid reason for recusal") (citation omitted).

A reasonable person with knowledge of the case would not doubt this Court's impartiality. Nor does this Court doubt it can continue to act impartially. Thus, the Court denies the Motion to the extent it seeks to disqualify the undersigned Magistrate Judge.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion (ECF No. 242).

DATED this 25th day of April, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge

[4] Although Ms. Stewart references this complaint, she includes neither a copy of the complaint nor any proof that she has in fact filed such a complaint with any court or the U.S. Attorneys' Office. Ms. Stewart has not served any complaint on the undersigned.