IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOPHIA STEWART,<br><br>           Plaintiff,<br><br>v.<br><br>MICHAEL T. STOLLER, et al.,<br><br>           Defendants. | REPORT AND RECOMMENDATION<br><br>Case No.  2:07-cv-00552-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Before the Court is Defendant Gary Brown's First Motion in Limine (ECF No. 213). The Court[1] has carefully considered the Motion and Memoranda and held a hearing on May 2, 2013.  Because Ms. Stewart failed to serve pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3), Federal Rule of Civil Procedure 37(c) precludes her from submitting any evidence at trial.  Accordingly, the undersigned Magistrate Judge recommends the District Judge grant Defendant Gary Brown's Motion in Limine and dismiss the case as against Defendant Gary Brown.

## BACKGROUND

On December 7, 2011, then-Magistrate Judge David Nuffer[2] held a scheduling conference and set dates to govern this case.  (ECF No. 178.)  During that conference the Court granted Ms. Stewart's counsel's Motion to Withdraw.  (*Id.*)  The Court also set a schedule at that

---

[1] On May 26, 2009, Judge Clark Waddoups referred this case to Chief Magistrate Judge Brooke C. Wells under 28 U.S.C. section 636(b)(1)(B).  (ECF No. 67.)  This referral was reassigned to the undersigned Magistrate Judge on May 21, 2012.  (ECF No. 191.)  Judge Waddoups recused himself on December 13, 2012, and Judge Dee Benson now sits on this case. (ECF No. 234.)

[2] Judge Nuffer was subsequently appointed as a District Judge for the United States District Court, District of Utah.

conference, which it memorialized in a Scheduling Order on December 15, 2011. (ECF Nos. 178, 179.) The Notice of Electronic Filing for this Order reflects the Court delivered a copy of the Order to Ms. Stewart's P.O. Box. (Attached hereto.) At the hearing held on this Motion on May 2, 2013, Ms. Stewart stated this Scheduling Order was invalid because Judge Nuffer acted as her counsel without her consent in entering the Scheduling Order. The Scheduling Order Judge Nuffer entered contained a header[3] with the contact information for Ms. Stewart's previous attorney—presumably because her attorney submitted the proposed order in advance of the scheduling conference and before he withdrew as Ms. Stewart's counsel. In entering the Order, Judge Nuffer acted as the scheduling judge not as counsel for Ms. Stewart. In any case, this Scheduling Order constitutes a valid order, binding on all parties.

The Scheduling Order controlling this case required Ms. Stewart to make her pretrial disclosures by November 2, 2012. (ECF No. 179.) As a result of Ms. Stewart's failure to make pretrial disclosures, on December 3, 2012, Defendant Gary Brown filed the instant Motion in Limine. (ECF No. 213.) The Court then noticed a hearing on that Motion. (ECF No. 217.) In response, Ms. Stewart filed a number of documents.[4] (*See, e.g.*, ECF Nos. 228, 229, 231, 232, 233, 242, 244.) The Court held a hearing on the Motion on May 2, 2013.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(3)(A) states:

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following

---

[3] Local Rule 10-1 requires that the first page of each paper filed with the Court contain the name of the attorney submitting the paper, along with that attorney's e-mail address, Utah State Bar Number, address, telephone number, and party represented. *See* DUCivR 10-1.

[4] Because Ms. Stewart proceeds *pro se*, the Court liberally construes her filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

>information about the evidence that it may present at trial other than solely for impeachment:
>
>>**(i)** the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;
>
>>**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
>
>>**(iii)** an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed. R. Civ. P. 26(a)(3)(A). Rule 26 requires parties to make these disclosures within the time limitations set by the court, or at least 30 days before trial if no court order directs otherwise. Fed. R. Civ. P. 26(a)(3)(B). If a party fails to provide pretrial disclosures under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quotation omitted). Although "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the Tenth Circuit has identified the following factors to guide a district court's discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted).

Bearing these factors in mind, the documents Ms. Stewart submitted to the Court do not show that her failure to make pretrial disclosures was "substantially justified or . . . harmless." *See* Fed. R. Civ. P. 37(c)(1).  Nor did Ms. Stewart make such a showing at the hearing this Court held on this Motion on May 2, 2013.  Although Ms. Stewart proceeds in this case *pro se*, her status as a *pro se* litigant does not relieve her of the obligation to comply with the Federal Rules of Civil Procedure.  *See, e.g.*, *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citations and internal quotation marks omitted) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.").  In her defense, Ms. Stewart offers only two arguments: 1) the Scheduling Order is invalid and thus cannot be enforced, and 2) she has not cross examined Gary Brown under oath in court and thus cannot go forward.  As set forth previously, the Scheduling Order is valid.  Ms. Stewart's continued refusal to proceed within the Rules of Civil Procedure does not provide substantial justification for her failure to disclose.  Regarding the second matter, the Rules do not require under oath in court testimony prior to trial, and, a failure to take such testimony does not substantially justify Ms. Stewart's failure to make pretrial disclosures.  Requiring Mr. Brown to proceed to trial in the absence of pretrial disclosures or delaying this already old (filed in 2007) case unfairly prejudices Mr. Brown, given that Ms. Stewart made no effort to make pretrial disclosures.

Ms. Stewart's failure to make pretrial disclosures precludes her from submitting any evidence at trial.  *See* Fed. R. Civ. P. 37(c)(1); *Amos v. W.L. Plastics, Inc.*, No. 2:07–CV–49 TS, 2010 WL 257282, at *1 (D. Utah Jan. 15, 2010) (barring plaintiff from presenting at trial witnesses and exhibits not included in pretrial disclosures).  Because Ms. Stewart cannot submit any evidence at trial against Defendant Gary Brown, the Court should dismiss the action as against Mr. Brown.  *See 251 CPW Hous. Ltd. v. Paragon Cable Manhattan*, No. 93 CIV. 0944

(JSM), 1995 WL 70675, at *4 (S.D.N.Y. Feb. 21, 1995) (finding dismissal of claim necessary where preclusion of evidence under Rule 37(c)(1) made it impossible for plaintiffs to prove damages), *aff'd,* 71 F.3d 405 (2d Cir. 1995).

## **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS the Court GRANT Defendant Gary Brown's First Motion in Limine (ECF No. 213) and DISMISS the case as against Defendant Gary Brown.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of May, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Gary S. Brown (garysbrown@ca.rr.com, juliereed@ca.rr.com),
Kathleen M. Liuzzi (dswenson@dunndunn.com, jwallace@dunndunn.com,
kliuzzi@dunndunn.com), Michael T. Stoller (michael.stoller@stollerlawgroup.com),
Joseph G. Pia (awilson@padrm.com, fili@padrm.com, joe.pia@padrm.com), Judge Clark
Waddoups (aaron_pacini@utd.uscourts.gov, adriane_wright@utd.uscourts.gov,
jason_greene@utd.uscourts.gov, john_mejia@utd.uscourts.gov,
lashel_shaw@utd.uscourts.gov, tobi_potestio@utd.uscourts.gov,
utdecf_waddoups@utd.uscourts.gov), Magistrate Judge Brooke C. Wells
(utdecf_wells@utd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<2132346@utd.uscourts.gov>
Subject:Activity in Case 2:07-cv-00552-CW-BCW Stewart v. Stoller et al Scheduling
Order
```
Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. If you need assistance, please call the Help Desk at (801) 524-6851.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## Electronic Case Filing System

## District of Utah

### Notice of Electronic Filing

The following transaction was entered on 12/15/2011 at 10:40 AM MST and filed on 12/15/2011

**Case Name:**       Stewart v. Stoller et al
**Case Number:**     2:07-cv-00552-CW-BCW
**Filer:**
**Document Number:** 179

**Docket Text:**
**SCHEDULING ORDER: Amended Pleadings due by 3/2/2012. Joinder of Parties due by 3/2/2012. Discovery due by 6/15/2012. Motions due by 7/27/2012. Final Pretrial Conference set for 12/21/2012 02:30 PM in Room 102 before Judge Clark Waddoups. Signed by Magistrate Judge David Nuffer on 12/14/2011. (tls)**

**2:07-cv-00552-CW-BCW Notice has been electronically mailed to:**

Kathleen M. Liuzzi kliuzzi@dunndunn.com, dswenson@dunndunn.com, jwallace@dunndunn.com

Joseph G. Pia (Terminated) joe.pia@padrm.com, awilson@padrm.com, fili@padrm.com

Michael T. Stoller michael.stoller@stollerlawgroup.com

Gary S. Brown garysbrown@ca.rr.com, julieareed@ca.rr.com

**2:07-cv-00552-CW-BCW Notice has been delivered by other means to:**

Jonathan Lubell
207 PELICAN PL
ST SIMOND ISLAND, GA 31522

Sophia Stewart
PO BOX 31725
LAS VEGAS, NV 89173

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060034973 [Date=12/15/2011] [FileNumber=2132344-0] [7da389c4a7a113ec7d57aec44fcc7a4fc079e5620c3feebbd9c0cf4d06accc6762aa53c001c05915b922e398b6a0f50c120fba1b33668b1aa58d04d783e36fd6]]