IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| SOPHIA STEWART, | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR JUDICIAL NOTICE** (ECF No. 260) |
|---|---|
| Plaintiff, | |
| v. | |
| MICHAEL STOLLER, et al., | Case No. 2:07-cv-552-DB-EJF |
| Defendants. | District Judge Dee Benson |
| | Magistrate Judge Evelyn J. Furse |

Plaintiff Sophia Stewart filed her Motion for Judicial Notice to Prove Damages and Affidavit of Sophia Stewart on September 9, 2013. (ECF No. 260.) Ms. Stewart's Motion attaches an affidavit and many exhibits in support of her request for this Court to take judicial notice of profits related to the films at issue in the California copyright case underlying this malpractice case. For the reasons set forth below, the Court[1] DENIES Ms. Stewart's Motion.

## DISCUSSION

Federal Rule of Evidence 201 permits courts to take judicial notice of certain facts. Specifically, "court[s] may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The rule applies to adjudicative facts only. Fed. R. Evid.

---

[1] On May 26, 2009, Judge Clark Waddoups referred this case to Chief Magistrate Judge Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B). (ECF No. 67.) This referral was reassigned to the undersigned Magistrate Judge on May 21, 2012. (ECF No. 191.) Judge Waddoups recused himself on December 13, 2012, and Judge Dee Benson now sits on this case. (ECF No. 234.)

201(a). "Adjudicative facts are simply the facts of the particular case." Fed. R. Evid. 201, Advisory Committee Note on Proposed Rule. "'They relate to the parties, their activities, their properties, their businesses.'" *Id.* (quoting 2 Administrative Law Treatise 353 (1958)).

Here, Ms. Stewart asks the Court to take judicial notice of the profits earned by the films underlying her California copyright case. The exhibits Ms. Stewart attaches to her Motion list profits for the films that she appears to have printed directly from various Internet sources such as Wikipedia. These exhibits also appear to contain Ms. Stewart's own calculations of the royalties she sought in the California copyright case based on these figures. (*See, e.g.*, ECF No. 260 at 11.)

Federal Rule of Evidence 201 does not permit this Court to take judicial notice of these facts. Parties to a case generally, reasonably dispute damages calculations. *See, e.g.*, *Vought v. Teamsters Gen. Union Local Council No. 662*, No. 05-C-552, 2008 WL 1925146, at *1 (E.D. Wis. Apr. 30, 2008) (declining to take judicial notice of damages as "subject to reasonable dispute"). Furthermore, these facts are not "generally known" within this district, and their sources are not of the sort "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). While courts often take judicial notice of public records available on the Internet, *see, e.g.*, *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003); *Adams v. Watts*, No. 09-1078-F, 2009 WL 5101759, at *2 n.4 (W.D. Okla. Dec. 17, 2009) (adopting Report and Recommendation taking notice of public record found on Internet), many courts are reluctant to take judicial notice of other kinds of facts found on the Internet, *see Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008); *Koenig v. USA Hockey, Inc.*, No. 2:09-CV-1097, 2010 WL 4783042, at *2–3 (S.D. Ohio June 14, 2010) (citing cases and noting

concerns with Internet sources). Courts have expressed particular concern with sources that allow users to alter content freely, including Wikipedia. *See Koenig*, 2010 WL 4783042, at *2.

The Court has even greater concern because Ms. Stewart appears to have edited the proposed documents to include calculation of the damages to her; making a party to the suit the source of information of which that same party seeks the Court to take judicial notice. Courts express additional skepticism about taking judicial notice of party-created documents. *See, e.g.*, *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536–37 (5th Cir. 2003). The facts Ms. Stewart tenders do not meet the high standard required for judicial notice. Fed. R. Evid. 201, Advisory Committee Note on Proposed Rule ("With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy."). The Court therefore denies Ms. Stewart's Motion.

## CONCLUSION

For the reasons set forth above, the Court DENIES Ms. Stewart's Motion for Judicial Notice to Prove Damages (ECF No. 260).

DATED this 25th day of March, 2014.

BY THE COURT:

_Evelyn J. Furse_
Evelyn J. Furse
United States Magistrate Judge